

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*                    *973-645-2700*
*Newark, New Jersey 07102*

SAUSA JJK/OZ/KCR PL AGR
SDNY USANO. 2017R00735

July 12, 2024

Eric Creizman, Esq.
Morrison Cohen LLP
909 Third Avenue
27th Floor
New York, NY 1002-4784

*CR. 21-937 (SB)*

Re:    Plea Agreement with Joseph Eugene

Dear Mr. Creizman:

This letter sets forth the plea agreement between your client, Joseph Eugene Lemay ("Lemay") and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 31, 2024, if it is not accepted in writing by that date. If Lemay does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Lemay to Counts Two and Three of the Indictment, Criminal No. 21-Cr-937 (SB), a three-count Indictment.[1] Count Two charges Lemay with committing income tax evasion for the 2014 tax year, in violation of Title 26, United States Code, Section 7201. Count Three charges Lemay with committing income tax evasion for the 2015 tax year, in violation of Title 26, United States code, Section 7201. If Lemay enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal

---

[1] On or about April 15, 2024, a jury sitting in the Southern District of New York found Lemay guilty of Count One of the Indictment, conspiracy to defraud the Internal Revenue Services ("IRS"), in violation of Title 18, United States Code, Section 371. Accordingly, nothing in this Agreement concerns the offense conduct charged in Count One or the proceedings related to Count One in the Southern District of New York.

charges against Lemay for his evasion of income taxes for the tax years 2014 and 2015.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Lemay even if the applicable statute of limitations period for those charges expires after Lemay signs this agreement, and Lemay agrees not to assert that any such charges are time-barred.

Sentencing

The violations of Title 26, United States Code, Section 7201 to which Lemay agrees to plead guilty in Counts Two and Three of the Indictment each carry a statutory maximum sentence of five years' imprisonment, a maximum fine of $100,000, or both, together with the costs of prosecution. The prison sentences on Counts Two and Three may run consecutively to each other or to any prison sentence Lemay is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lemay is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Lemay ultimately will receive.

Further, in addition to imposing any other penalty on Lemay, the sentencing judge as part of the sentence:

    (1)    will order Lemay to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

    (2)    will order Lemay to pay restitution pursuant to Title 18, United States Code, Section § 3663(a)(3);

    (3)    may order Lemay to pay the costs of prosecution;

(4)     pursuant to 18 U.S.C. § 3583, may require Lemay to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Lemay be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lemay may be sentenced to not more than two years' imprisonment per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Lemay also agrees to pay restitution in the amount of $151,528.49 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). The restitution amount shall be paid according to a plan established by the Court. If the Court orders Lemay to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Lemay does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Lemay's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lemay's activities and relevant conduct with respect to this case.

Stipulations

This Office and Lemay will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict

- 3 -

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Lemay waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Lemay understands that, if he is not a citizen of the United States, Lemay's guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making Lemay deportable, excludable, or inadmissible, or ending Lemay's naturalization. Lemay understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lemay wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Lemay's removal from the United States. Lemay understands that Lemay is bound by this guilty plea regardless of any immigration consequences. Accordingly, Lemay waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Lemay also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Federal Tax Forms 870 and 2504 Waivers

Prior to the date of sentencing, Lemay shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for

calendar years 2014 and 2015; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2014 and 2015; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Lemay agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Lemay. With respect to disclosure of the criminal file to the IRS, Lemay waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to his tax returns and return information.

Furthermore, Lemay agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2014 and 2015 or for any other amounts paid in accordance with this agreement. Lemay agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lemay. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Lemay from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Lemay and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:     Jilan J. Kamal
        Special Assistant U.S. Attorney

APPROVED:

Lauren Repple,
Chief, Economic Crimes Unit

I have received this letter from my attorney, Eric Creizman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Joseph Eugene Lemay

Date: 9-11-2024

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Eric Creizman, Esq.
Counsel for Defendant

Date:

Plea Agreement with Joseph Eugene Lemay

Schedule A

1.      This Office and Lemay recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023, applies in this case.

Grouping of Multiple Counts

3.      Pursuant to U.S.S.G. §§ 3D1.1(a), 3D1.2(d), 3D1.3(b), the two Counts are grouped and the offense level is therefore determined by the aggregated loss from both Counts.

Counts One & Two: Evasion of Income Tax

4.      The applicable guideline is U.S.S.G. § 2T1.1. Pursuant to U.S.S.G. §§ 2T1.1(a)(1), 2T1.1(c)(3), and 2T4.1(F), the Base Offense Level is 16 because the total tax loss from Counts One and Two is approximately $151,528.49.

5.      Pursuant to U.S.S.G. § 2T1.1(b)(2), the Base Offense Level increases two levels because the offense involved sophisticated means.

6.      As of the date of this letter, Lemay has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Lemay's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.      As of the date of this letter, Lemay has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Lemay's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Lemay enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Lemay's acceptance of responsibility has continued through the date of sentencing and Lemay therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Lemay's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    If Lemay establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 13; otherwise, Lemay total Guidelines offense level will be 15 (the "Total Offense Level").[2]

9.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10.    If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Lemay will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those

---

[2] The defendant may be eligible for relief under U.S.S.G. § 4C1.1 as of the date of this agreement. If, however, a judgment of conviction is entered in *United States v. Joseph Eugene Lemay*, S2 21 Cr. 573 (S.D.N.Y., Vyskocil, J.) prior to the date that a plea of guilty is entered in this matter, the defendant may not be eligible for this relief.

circumstances as a discretionary matter under the applicable
factors of 18 U.S.C. § 3553(a).